NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2381
_____

RAMSEY RANDALL,
                              Appellant

v.

SUPERINTENDENT MAHANOY SCI; THE DISTRICT ATTORNEY OF THE
COUNTY OF BERKS COUNTY; THE ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-18-cv-00961)
District Judge:  Honorable Edward G. Smith
_____

Submitted under Third Circuit LAR 34.1(a)
September 30, 2020

Before:  SHWARTZ, PHIPPS, and SCIRICA, *Circuit Judges*.

(Opinion Filed: November 25, 2020)
_____

OPINION[1]
_____

---

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge.*

Ramsey Randall committed several instances of check fraud in Berks County, Pennsylvania in 2014. After being charged for that conduct and representing himself at a bench trial, he was convicted on June 17, 2016, of multiple counts, including forgery, theft by deception, receiving stolen property, and criminal attempt to commit theft by deception. As a result of those convictions, Randall received an aggregate prison sentence ranging from two years and 82 days to ten years, followed by five years of probation. He is currently serving that sentence at the Mahanoy State Correctional Institution in Frackville, Pennsylvania.

Randall challenged his conviction and sentence in state court. He filed a direct appeal, again representing himself, but the Superior Court of Pennsylvania quashed the appeal because he did not submit a "proper appellate brief." *Commonwealth v. Randall*, No. 1233 MDA 2016, 2017 WL 1041479, at *2 (Pa. Super. Ct. Mar. 17, 2017) (JA264). Randall sought reconsideration, and the Superior Court denied that request in April 2017. Later, in November 2017, Randall sought collateral review of his sentence, specifically a time credit, through a state petition for writ of habeas corpus. That petition attacked only his sentence – not his underlying conviction – and, according to the state-court docket, it remains pending.

While seeking relief in state court, Randall simultaneously petitioned for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2254. His first such petition was dismissed without prejudice in August 2016 for failure to exhaust state-court remedies. *Randall v. Pennsylvania*, No. 16-cv-4566, ECF No. 2, Order at 1 (E.D. Pa. Aug. 31,

2016). Randall refiled in 2018, challenging his conviction on four grounds[2] and also claiming that the Commonwealth defamed him. He later sought to amend his petition, not to assert an additional defect in his conviction or sentence, but rather to add two other claims – one more for defamation and one for First Amendment retaliation. Through a report and recommendation, a Magistrate Judge determined that Randall had not exhausted his state-court remedies – as is required of habeas petitioners absent exceptional circumstances, *see* 28 U.S.C. § 2254(b)(1)(A). The District Court adopted the Magistrate Judge's conclusion that Randall had failed to exhaust his state-court remedies. Rather than dismiss the petition for that reason, the District Court exercised its discretion under *Rhines v. Weber*, 544 U.S. 269 (2005), to stay Randall's habeas petition pending exhaustion. *See id.* at 277–78 (articulating three factors governing the discretion to issue stay-and-abey orders).

In response to that order, Randall took two actions. He attempted to exhaust in state court through a new petition under Pennsylvania's Post Conviction Relief Act, *see* 42 Pa. Cons. Stat. § 9541 *et seq.*, and that litigation is ongoing. He also challenged the stay-and-abey order by filing this appeal. The Commonwealth disputes our jurisdiction over this appeal, and alternatively contends that the District Court did not abuse its discretion.

---

[2] Those grounds were that (i) the trial court violated his due process rights during the preliminary hearing; (ii) the investigating detectives violated his *Miranda* rights; (iii) the two-month continuation of his preliminary hearing violated his speedy trial rights under Pennsylvania Rule of Criminal Procedure 600; and (iv) the judge who presided over his preliminary hearing was subsequently indicted.

For the reasons below, we have jurisdiction to review the District Court's stay-and-abey order, and upon reviewing that order for an abuse of discretion, *see Rhines*, 544 U.S. at 276–77, we will affirm.

Circuit precedent allows appellate review of stay-and-abey orders under the collateral order doctrine. *See Christy v. Horn*, 115 F.3d 201, 203–06 (3d Cir. 1997). *See generally Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). The Supreme Court's subsequent decisions have not overruled that precedent, nor have they modified the elements of the collateral order doctrine. *Cf. Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 105 & n.1, 108 (2009) (applying the collateral order doctrine to abrogate prior circuit precedent permitting interlocutory appeal of orders requiring disclosure of information allegedly subject to attorney-client privilege). Without an alteration to the legal standard or an overruling of circuit precedent, we have jurisdiction over Randall's appeal of the District Court's stay-and-abey order. *See Christy*, 115 F.3d at 206.

In reviewing that order for an abuse of discretion, the analysis hinges on three factors articulated in *Rhines*.[3] Specifically, the propriety of the District Court's stay-and-abey order depends on (i) whether there is "good cause for [the petitioner's] failure to exhaust"; (ii) whether the "unexhausted claims are potentially meritorious"; and

---

[3] That is so because Randall does not dispute that he failed to exhaust the claims in his habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A). Nor does he contend that any of his claims present a rare instance in which exhaustion should be excused. *See* 28 U.S.C. § 2254(b)(1)(B).

(iii) whether "the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

Under those factors, the District Court did not abuse its discretion. The first factor – good cause – weighs in favor of the stay-and-abey order because the stay ensures the timeliness of Randall's collateral attack and avoids the relatively tight deadlines that would apply if his petition were instead dismissed.[4] *See Crew v. Horns*, 360 F.3d 146, 154 (3d Cir. 2004) ("[W]hen an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."). The second factor, however, cuts against the stay-and-abey order because it is not apparent that any of Randall's claims have a high degree of potential merit – particularly his state law defamation claim. *See Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). But the third factor counsels in favor of a stay-and-abey order because the record does not indicate that Randall was dilatory in pursuing his state-court remedies. On balance, under these circumstances, the District Court would have been justified in exercising its discretion either to dismiss Randall's habeas petition or to enter a stay-and-abey order. And because it was not an abuse of discretion to do the latter, we will affirm.

---

[4] Due to the one-year statute of limitations for his habeas petition, *see* 28 U.S.C. § 2244(d), if his petition were dismissed, Randall would have had to file a PCRA petition within a few weeks, and upon exhaustion of the state-court challenge, return to federal court within the limited time remaining.